WILLIAM S. VOORHEES, PLAINTIFF, v. BOICE RUNYON COMPANY, DEFENDANT.

Decided May 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Charles Jones.*

*Contra, Farncis A. Gordon* and *David T. Wilentz.*

PER CURIAM.

This action was brought to recover compensation for personal injuries. The plaintiff visited the lumber-yard of the defendant for the purpose of purchasing a board of a particular size and material. He was taken charge of by an employe of the defendant and shown to a bin in which such lumber was stored. The bin was part of a wooden shed, and the defendant's servant called the attention of the plaintiff to a particular board in the pile that was there stored. The plaintiff was doubtful whether this board was just what he wanted, being uncertain as to its size, and he was then furnished with a rule by the defendant's employe by which to measure this particular board. In order to reach it, the plaintiff walked across a flooring, or plank, in the bin, which broke after he had taken two or three steps, causing him to fall. As the result of his fall he received the injuries for which he now seeks compensation. The trial terminated in .ais favor, the jury awarding him $10,500.

The first contention on behalf of the defendant is that the present rule should be made absolute because the trial court erroneously refused to nonsuit the plaintiff, and also denied a motion to direct a verdict in the defendant's favor. Our examination of the evidence satisfies us that the refusal of each of these motions was proper.

It is further contended on behalf of the defendant that the finding by the jury that the accident was the result of negligence on the part of the defendant, and that the plaintiff did not contribute thereto by his own negligence, is contrary to the clear weight of the evidence. We cannot concur in this view.

It is further argued that the court erroneously refused to charge the jury certain requests submitted by the defendant. Our consideration of these requests leads us to the conclusion that the refusal of the court to charge them as submitted was proper.

Lastly, it is contended that the verdict is excessive. An examination of the proofs bearing upon the character of the plaintiff's injuries satisfies us that this contention is well founded.

If the plaintiff will consent to a reduction of the verdict to $7,000, he may enter judgment for that amount; otherwise the rule to show cause will be made absolute.